### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LINDA MILLER and REBECCA WYLIE, | ) | |
| individually on behalf of themselves | ) | |
| and all other persons similarly situated, | ) | Case No.  1:11-cv-5161 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SEE, INC., a Michigan corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Linda Miller and Rebecca Wylie, individually on behalf of themselves and all other persons similarly situated, by their attorneys, Robbins Salomon & Patt, Ltd., complain of Defendant See, Inc., a Michigan corporation, as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.  Plaintiffs' claims arise under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et sequitur*, Public Law 101-336, 104 Stat. 327, as amended.

2.      Venue is proper in this district because Defendant caused and continues to cause injuries to Plaintiffs in this district and Defendant resides in this district.

## THE PARTIES

3.      Plaintiff Linda Miller is a paraplegic who depends upon the use of a wheelchair, and is a person with a disability within the meaning of all applicable statutes.  Linda Miller resides in Chicago, Illinois.

Complaint

4.     Plaintiff Rebecca Wylie is a quadriplegic who depends upon the use of a wheelchair, and is a person with a disability within the meaning of all applicable statutes. Rebecca Wylie resides in Deerfield, Illinois.

5.     Defendant See, Inc. ("See") is a Michigan corporation. On information and belief, See operates 24 or more retail optometry stores in 10 or more states within the United States of America, doing business and providing optical examinations to the public under the brand names See and See Eyeware.

## CLASS ALLEGATIONS

6.     Pursuant to Fed. R. Civ. P. 23(a), the Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated. The class the Plaintiffs seek to represent is composed of all disabled persons with ambulatory impairments who depend upon the use a wheelchair and are unable to obtain optometry services and care at Defendant See's optometry stores, because of the failure of See to comply with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

7.     The persons in the class are so numerous that joinder of all persons is impracticable and the disposition of their claims in a class action is a benefit to the parties and the Court. Approximately 2.7 million disabled people ages 15 and older depend upon the use of wheelchairs in the United States. Plaintiffs are informed and believe that thousands of individuals with ambulatory disabilities who depend upon the use of wheelchairs seeking optometry services from See have suffered and will continue to suffer systematic discrimination.

8.     There are common questions of law and fact involved that affect the parties to be represented in that they are all being denied, or will be denied their civil rights of full and equal enjoyment of optometry services and care from See, due to the barriers described herein.

9.      The claims of the Plaintiffs are typical of the claims of the class because the Plaintiffs are similarly affected by the failure of See to provide the legally required access to its facilities and optometry services throughout the United States.

10.     The Plaintiffs are adequate class representatives because they are directly impacted by the failure of See to provide access to vision care services, facilities and equipment throughout the United States.  The interests of the Plaintiffs are not antagonistic to or otherwise in conflict with the interests of the class as a whole.  The attorneys representing the class are experienced in representing clients in class actions and class action civil rights claims.

11.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because See has acted and/or failed to act on grounds applicable to the class as a whole, making final declaratory and injunctive relief for the class as a whole superior to all other methods of disposition.

12.     Upon information and belief, the interests of members of the class in individually controlling the prosecution of a separate action is low, in that most class members would be unable to individually prosecute an action because the amounts at stake for individuals, while significant, are relatively small for most or all of the class members contrasted with the costs of prosecution.  Concentrating litigation in a single forum will promote judicial efficiency by resolving common questions of law and fact in a single forum instead of across multiple courts.

13.     A class action would be manageable.  Individualized litigation presents a potential for inconsistent or contradictory judgments.  By contrast, the class action device presents far fewer management difficulties, allows the hearing of claims that might otherwise go unaddressed because of the relative expense of bringing individual lawsuits, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. References to Plaintiffs shall be deemed to include each named Plaintiff and each member of the class, unless otherwise indicated.

Complaint02                                          3

## DEFENDANT'S CONDUCT

14.     A regularly scheduled comprehensive eye examination is critical to maintaining healthy eyes and healthy vision.  Optometrists are qualified to administer such exams and treat many diseases and disorders of the eye.  An eye exam is low cost and of high benefit to the patient.  Economic, medical and moral benefits exist for every person to have an annual eye exam by an optometrist.

15.     Defendant See has a pattern and practice of failing to provide full and equal access to eye exams by ambulatory impaired disabled individuals who depend upon the use of wheelchairs who are seeking vision care services, by failing to remove architectural barriers that prevent full and equal enjoyment of, and access to its eye examination services, failing to provide or make available auxiliary aids and services, and failing to make reasonable modifications to its policies, practices and procedures to ensure that disabled people with ambulatory impairments who depend upon the use of wheelchairs are provided with equal access to the facilities, equipment and services See provides to its customers.

16.     As a consequence of the aforesaid conduct, See does not provide full and equal access for disabled people with ambulatory impairments who use wheelchairs.  Defendant See's employees and staff members are not able to address these barriers and provide optometry services on an equal basis to disabled persons with ambulatory impairments who depend on the use of wheelchairs, and thus such disabled persons are unable to secure comprehensive eye care services at See's optometry stores that are readily available to non-disabled persons without ambulatory impairments.

17.     See does not provide, and it denies and continues to deny, access for disabled individuals with ambulatory impairments who depend upon the use wheelchairs by creating and failing to remove architectural barriers in the following ways:

Complaint02                                          4

a. See's examination chairs do not lower to facilitate the transfer of disabled ambulatory impaired persons from their wheelchairs onto the eye exam chairs;

b. No other safe means are provided to lift disabled ambulatory impaired persons from their wheelchairs onto examination chairs, such as portable lift systems or fixed overhead lift systems;

c. The examination chairs are fixed to the floor and cannot be moved to permit disabled ambulatory impaired persons in wheelchairs to access the eye examination equipment while seated in their wheelchairs;

d. The examination equipment cannot be moved sufficiently to accommodate an eye examination for a person in a wheelchair;

e. Examination rooms are too small to accommodate wheelchair access and use;

f. Disabled persons with ambulatory impairments who depend upon the use of wheelchairs are turned away from facilities or dissuaded from seeking optometry services from See when they inquire telephonically about the availability of vision care services for disabled persons who depend on the use of wheelchairs;

g. Examination tables do not permit impaired persons in wheelchairs access to eye examination equipment while seated in wheelchairs; and

h. Defendant See otherwise has denied access to disabled ambulatory impaired individuals who depend upon the use of wheelchairs.

18.     The pervasive barriers to access described above make it more difficult and expensive for disabled persons with ambulatory impairments who use wheelchairs to receive adequate vision screening and care.  The failure of See to remove such architectural access barriers throughout the See optometry stores prevents full and equal access, subjects disabled people with ambulatory impairments who use wheelchairs to embarrassing, humiliating, and frustrating experiences, and increases the likelihood that they will not be able to secure eye care services that are available to people without ambulatory impairments.

19.     Each See optometry store is a public accommodation that is covered by Title III of the ADA. 42 U.S.C. § 12181(7)(F); 28 C.F.R. § 36.104.

## EXPERIENCES OF THE NAMED PLAINTIFFS

20.     Linda Miller is a person with an ambulatory impairment. Since 1956, she has been living with the effects of polio, causing paraplegia. As a result, she utilizes a power wheelchair. She has been wearing prescription eyeglasses for the past 15 years.  On or about April 22, 2011, Linda called the See store located at 2531 N. Clark Street in Chicago, Illinois.  In response to questions from Linda, an employee named Kipper told Linda that she could not receive an eye examination because the equipment is set up such that See would not be able to accommodate a person in a wheelchair.

21.     Rebecca Wylie is a person with an ambulatory impairment.  Rebecca has been living with the effects of Acute Transverse Myelitis, which developed when she was 7 years old, affecting her 3rd cervical vertebra, causing quadriplegia.  As a result, she is dependent upon the use of a wheelchair.  Rebecca has been using prescription eyeglasses since 2004.  On or about April 12, 2011, Rebecca telephoned the See store at Old Orchard Shopping Center in Skokie, Illinois, to inquire about obtaining a comprehensive vision exam.  After explaining to an employee named Trina that she was in a wheelchair and unable to independently transfer, Rebecca was told that she could not be given an exam and should call the Midwest Center for Sight.

22.     On or about April 14, 2011, Rebecca called the See store at Water Tower Place, 835 N. Michigan Avenue in Chicago, Illinois, explained her circumstances and asked an employee named Bridget if the exam room was wheelchair accessible.  The employee said the room was small and that Rebecca would have to be able to transfer out of her wheelchair.  The same day, Dr. Belinda McIntire from that See store telephoned Rebecca and said the exam chair was immobile and that no alternatives were available.

## THE STATUTE AND REGULATIONS

23.     At all times relevant, there was in full force and effect a statute known as the Americans with Disabilities Act, 42 U.S.C. §§ 12101 – 12189, (the "ADA"), and its implementing regulations, 28 C.F.R. §§ 36.101 – 36.608, which provide in pertinent part as follows:

a.     No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201.

b.     It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b) (1)(A)(i); 28 C.F.R. § 36.202(a).

c.     It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii); 28 C.F.R. § 36.202(b).

d.     It shall be discriminatory to impose or apply eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered. 42 U.S.C. § 12182(b) (2)(A)(i); 28 C.F.R. § 36.301(a).

e.     It shall be discriminatory to fail to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b) (2)(A)(ii); 28 C.F.R. § 36.302(a).

f.      It shall be discriminatory to fail to remove architectural barriers that are structural in nature in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b) (2)(A)(iv); 28 C.F.R. § 36.304(a).

## DEFENDANT'S VIOLATIONS

24.    Defendant See's acts and omissions alleged herein violated and continue to violate the ADA and its implementing regulations in one or more or all of the following manners:

a.      See has discriminated against Plaintiffs and the class members by denying them the opportunity for the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the departments and facilities owned, operated and/or contracted for use by See.

b.      See has discriminated against Plaintiffs and the class members by denying them the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of See stores.

c.      See has discriminated against Plaintiffs and the class members by offering or affording them services that are not equal to those services afforded to other individuals with ambulatory impairments.

d.      See has discriminated against Plaintiffs and the class members by imposing or applying eligibility criteria that screen out or tend to screen out disabled individuals with ambulatory impairments who cannot independently transfer from their wheelchairs onto examination chairs where such criteria is not necessary for the provision of optometry services.

e.      See has discriminated against Plaintiffs and the class members by failing to make reasonable modifications in policies, practices, or procedures, which are necessary to afford its goods, services and facilities to Plaintiffs and the class members where such modifications would not fundamentally alter the nature of its goods, services or facilities.

f.      See has discriminated against Plaintiffs and the class members by failing to remove architectural barriers that are structural in nature in existing licensed departments or facilities where such removal is readily achievable.

Complaint02                                                      8

g.    See has otherwise discriminated against Plaintiffs and the class members.

25.    Defendant See's conduct constitutes ongoing and continuing violations of the ADA.   Unless restrained from doing so, See will continue to violate the ADA.  This conduct, unless enjoined, will continue to inflict injuries on Plaintiffs and the members of the class for which Plaintiffs and the class will have no adequate remedy at law.   Therefore, pursuant to section 308 of the ADA (42 U.S.C. § 12188), Plaintiffs and members of the class are entitled to injunctive relief.

26.    Plaintiffs and members of the class are entitled to reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 12205.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and members of the class pray for the following relief:

a.    A preliminary injunction and a permanent injunction, prohibiting See from violating the ADA, 42 U.S.C. § 12181, *et seq.*, and compelling See to comply with the ADA;

b.    A declaration that See is operating in a manner which discriminates against disabled individuals who are ambulatory impaired who depend upon the use of wheelchairs and which fails to provide access for persons with disabilities as required by law;

c.    An order certifying the case as a class action pursuant to FED. R. CIV. P. 23(a) and (b)(2), and appointing Plaintiffs as class representative and their attorneys as class counsel;

d.    An award of attorneys' fees and costs;

e.    Such other relief as the Court deems just.

LINDA MILLER and REBECCA WYLIE, individually on behalf of themselves and all other persons similarly situated, Plaintiffs


By:    /s/  Vincent T. Borst
       One of Their Attorneys

Vincent T. Borst (ARDC No. 06192904)
Robert M. Winter (ARDC No. 03122228)
Andrés J. Gallegos (ARDC No. 6212168)
Richard Lee Stavins (ARDC No. 02710099)
Arthur Radke (ARDC No. 3125515)
Scott D. Spears (ARDC No. 6275965)
Attorneys for Plaintiffs
ROBBINS, SALOMON & PATT, LTD.
25 East Washington Street, Suite 1000
Chicago, Illinois 60602
(312) 782-9000 - Telephone
(312) 782-6690 - Facsimile
vborst@rsplaw.com
rwinter@rsplaw.com
agallegos@rsplaw.com
rstavins@rsplaw.com
aradke_@rsplaw.com
sspears@rsplaw.com